**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

----------------------------------------------------------------

| | | |
|---|---|---|
| JOSEPH DIGIANNI | : | |
| 928 Golf Park Drive, | : | CIVIL ACTION NO.: _____ |
| Lake Ariel, PA 18436 | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | JURY TRIAL DEMANDED |
| | : | |
| WAL-MART STORES, INC. | : | |
| 723A Old Willow Avenue, | : | |
| Honesdale, PA 18431 | : | |
| Defendant. | : | |

----------------------------------------------------------------

**COMPLAINT – CIVIL ACTION**

Plaintiff, Joseph DiGianni ("Plaintiff"), by and through his undersigned attorneys, for his Complaint against Wal-Mart Stores, Inc. ("Defendant"), alleges as follows:

**INTRODUCTION**

1. Plaintiff brings this Complaint contending that Defendant has violated the American with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq,.* and the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. §951, *et seq.*

2. Plaintiff further contends that Defendant violated Pennsylvania public policy by wrongfully discharging Plaintiff for asserting his rights under the Pennsylvania Worker's Compensation Act.

3. As a result, Plaintiff has suffered damages set forth herein.

**PARTIES**

4. Plaintiff Joseph DiGianni is a citizen of the United States and Pennsylvania and currently maintains a residence at 928 Golf Park Drive, Lake Ariel, PA 18436.

1

5.      Defendant, Wal-Mart Stores, Inc., is a business entity organized and existing under the laws of the State of Pennsylvania.

6.      Defendant operates in Pennsylvania and maintains a business location at 723A Old Willow Avenue, Honesdale, PA 18431.

## JURISDICTION AND VENUE

7.      Paragraphs 1 through 6 are hereby incorporated by reference as though the same were fully set forth at length herein.

8.      On or about August 26, 2025, Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC"), which was dually filed with the Pennsylvania Human Relations Commission ("PHRC"), thereby satisfying the requirements of 42 U.S.C. § 2000e5(b) and (e). Plaintiff's EEOC charge was docketed as EEOC Charge No. 530-2025-10132.  Plaintiff's EEOC charge was filed within one hundred and eighty (180) days of the unlawful employment practice.

9.      By correspondence dated May 26, 2026, Plaintiff received a Notice of Right to Sue from the EEOC regarding his Charge, advising him that he had ninety (90) days to file suit against Defendant.

10.      Plaintiff has therefore exhausted his administrative remedies and has complied with all conditions precedent to maintaining this action.

11.      This action is authorized and initiated pursuant to the American with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.* and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*

12.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343, as it is a civil rights action arising under the laws of the United States.

2

13.     The venue in this district is proper pursuant to 28 U.S.C. § 1391, inasmuch as the Defendant maintains a business location within this judicial district, is currently doing business therein, and the events giving rise to these claims took place within this judicial district.

## FACTUAL ALLEGATIONS

14.     Paragraphs 1 through 13 are hereby incorporated by reference as though the same were fully set forth at length herein.

15.     On or about July 17, 2023, Plaintiff began employment with Defendant.

16.     Plaintiff worked in several positions with Defendant, including Personal Shopper, Asset Protection, and Greeter.

17.     At all times material thereto, Plaintiff performed his job well and was not subjected to any justifiable discipline.

18.     On or about December 30, 2023, Plaintiff hit his head on concrete while on the job.

19.     Plaintiff suffered a concussion as a result.

20.     Following this, Plaintiff was put under doctor's care.

21.     The concussion Plaintiff suffered and the symptoms that persisted afterwards, including, but not limited to, dizziness and imbalance, constitute a disability within the meaning of the ADA and PHRA in that one or more of Plaintiff's major life activities were substantially impaired.

22.     At all times material, Plaintiff informed Defendant of his workplace injury, disability, and symptoms that he was experiencing thereafter.

23.     Around the same time period, Plaintiff availed himself of his workers' compensation rights and utilized workers' compensation.

24. Each and every time Plaintiff treated with his doctor(s), he provided Defendant with doctor(s) notes and accompanying paperwork.

25. In or around March 2024, Plaintiff provided additional doctor(s) notes and documentation from his doctor(s) to Defendant.

26. The documentation specified Plaintiff's current health status, workplace restrictions, and return to work status.

27. Following this, Defendant ceased all communication with Plaintiff all together.

28. Plaintiff was suddenly not able to get in communication with Defendant all together and was not even able to leave a message for Defendant.

29. As a result, Plaintiff's workers' compensation matter proceeded in litigation.

30. On or about November 4, 2024, Plaintiff attended a hearing for his workers' compensation case.

31. During the hearing, it was revealed by Defendant that Plaintiff's employment was "terminated on April 15, 2024."

32. Defendant never informed Plaintiff of his termination or about his employment status whatsoever up until this hearing.

33. Notably, Defendant never engaged in any interactive process with Plaintiff as required by the ADA/PHRA at any point, including, but not limited to, after Plaintiff provided Defendant with his most recent doctor(s) notes, including restrictions, and return to work status as described here.

34. At the time of termination, Plaintiff was sixty-seven (67) years old.

35. Plaintiff was subjected to various negative and derogatory comments in reference to his age during his employment with Defendant.

36.    The comments included, but were not limited to, "I understand this might be confusing for you" (in reference to using a cell phone device); "I know it's probably hard to work the cell phones, my dad is forty (40) years old" (in reference to using a cell phone device); "Do you know what a combination lock is?"; and "Why are you doing this?" (asked by a young co-worker in front of a group of co-workers, in reference to why Plaintiff was "still working" at his current age).

37.    It is believed and therefore averred that Defendant terminated Plaintiff's employment because of his disability, because it regarded Plaintiff as disabled, because of his past record of impairment, and/or in retaliation for Plaintiff's requests for accommodation, in violation of the ADA and PHRA.

38.    It is believed and therefore averred that Defendant terminated Plaintiff's employment because of his age (67), in violation of the ADEA and the PHRA.

39.    It is further averred that Defendant wrongfully discharged Plaintiff's employment for exercising his rights under the Pennsylvania Workers' Compensation Act, and/or because Plaintiff filed a workers' compensation claim petition, to seek wage loss benefits, and/or to seek medical reimbursement for his treatment.

40.    As a result of Defendant's deliberate, willful, malicious and unlawful actions, Plaintiff has suffered damages, including, but not limited to, loss of employment, earnings and earnings potential, loss of potential bonuses, and other economic damages, and has also suffered mental anguish, emotional pain and suffering, emotional distress, humiliation, loss of enjoyment of life, loss of consortium, and damage to his reputation.

**COUNT I**
**AMERICANS WITH DISABILITIES ACT**
**42 U.S.C. § 12101, et seq.**
**DISCRIMINATION & RETALIATION**

5

41.    Paragraphs 1 thorough 40 are hereby incorporated by reference as though the same were fully set forth at length herein.

42.    At all times relevant hereto, Plaintiff was an employee within the meaning of the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq.

43.    At all times relevant hereto, Defendant employed fifteen (15) or more employees.

44.    Plaintiff is a qualified individual with a disability within the meaning of the ADA.

45.    Plaintiff's disability substantially limits Plaintiff in one or more major life activities.

46.    Defendant was aware of Plaintiff's disability and/or regarded Plaintiff as being disabled.

47.    By reason of the foregoing, Defendant, through its agents, officers, servants and/or employees, has violated the ADA by terminating Plaintiff on account of his disability, because it regarded him as being disabled within the meaning of the ADA, and/or in retaliation for Plaintiff's requesting a reasonable accommodation.

48.    Defendant also failed to engage in the interactive process with Plaintiff despite Plaintiff's requests for a reasonable accommodation.

49.    As a result of Defendant's deliberate, unlawful, and malicious acts as set forth above, Plaintiff has suffered loss of employment, earnings, earnings potential, raises, and other significant economic benefits, along with emotional pain and suffering, emotional distress, loss of enjoyment of life, loss of consortium, and humiliation.

**WHEREFORE**, as a result of the unlawful conduct of Defendant, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant, and grant him the maximum relief allowed by law, including but not limited to

6

A.  Back wages, front pay, and bonuses in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00);

B.  Punitive, compensatory, and/or exemplary damages in an amount to be determined at trial, but sufficient to punish Defendant for their intentional, negligent, willful, wanton, and or malicious conduct;

C.  Plaintiff's costs, disbursements, and attorney's fees incurred in prosecuting this matter;

D.  Pre-judgment interest in an appropriate amount;

E.  Such other and further relief as is just and equitable under the circumstances; and

F.  Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth by applicable federal law.

**COUNT II**
**AGE DISCRIMINATION IN EMPLOYMENT ACT**
**29 U.S.C. § 621**, *et seq.*
**DISCRIMINATION**

50.  Paragraphs 1 through 49 are hereby incorporated by references as though the same were more fully set forth at length herein.

51.  Defendant violated the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.*, in that Defendant unlawfully and illegally discriminated against Plaintiff on the basis of his age at the time of his termination.

52.  Defendant acted with malice and with reckless indifference to Plaintiff's civil rights and emotional and physical well-being.

53.     Because of Defendant's unlawful acts, Plaintiff suffered damage in the form of, *inter alia*, loss of past and future wages and compensation, loss of reputation and standing in the professional community, personal humiliation, and embarrassment.

54.     As a result of Defendant's deliberate, unlawful, and malicious actions set forth above, Plaintiff has suffered loss of employment, promotion benefits, earnings and earnings potential, and loss of other significant economic benefits.

**WHEREFORE**, as a result of the unlawful conduct of the Defendant, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant and grant the maximum relief allowed by law, including, but not limited to:

A.     Back wages, front pay, loss of health and retirement benefits, raises, and bonuses in an amount to be determined at trial, but no less than one hundred and fifty-thousand dollars ($150,000.00);

B.     Liquidated damages;

C.     Plaintiff's costs, disbursements, and attorney's fees incurred in prosecuting this action;

D.     Pre-judgment interest in an appropriate amount; and

E.     Such other and further relief as is just and equitable under the circumstances.

**COUNT III**
**THE PENNSYLVANIA HUMAN RELATIONS ACT**
**43 P.S. § 951**, *et seq.*
**DISCRIMINATION & RETALIATION**

55.     Paragraphs 1 through 54 are hereby incorporated by references as though the same were more fully set forth at length herein.

56.     At all times relevant hereto, Plaintiff was an employee within the meaning of the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. §951, *et seq.*

57.     Pursuant to the PHRA, Defendant unlawfully and illegally discriminated against Plaintiff on the basis of his age and/or disability at the time of his termination.

58.     Defendant acted with malice and with reckless indifference to Plaintiff's civil rights and emotional and physical well-being.

59.     Because of Defendant's unlawful acts, Plaintiff suffered damage in the form of, *inter alia*, loss of past and future wages and compensation, loss of reputation and standing in the professional community, personal humiliation, and embarrassment.

60.     As a result of Defendant's deliberate, unlawful, and malicious actions as set forth above, Plaintiff has suffered loss of employment, promotion benefits, earnings and earnings potential, and loss of other significant economic benefits.

61.     As a direct and proximate result of Defendant's illegal discrimination, Plaintiff has suffered and will continue to suffer harm, and is entitled to all legal and equitable remedies available under the PHRA.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant and grant the maximum relief allowed by law, including, but not limited to:

A.     Back wages, front pay, loss of fringe benefits, and raises in an amount to be determined at trial;

B.     Compensatory, exemplary, and/or punitive damages;

C.     Pre-judgment interest in an appropriate amount; and

D.     Such other and further relief as is just and equitable under the circumstances;

E.     Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth by applicable law.

**COUNT IV**
**PENNSYLVANIA WORKER'S COMPENSATION ACT/WRONGFUL DISCHARGE**
**UNDER PENNSYLVANIA COMMON LAW**
**RETALIATION**

62.     At all times relevant hereto, Defendant was subject to the provisions of the PWCA.

63.     The PCWA, in pertinent part, prohibits an employer from taking any adverse employment action against an employee in retaliation for that employee exercising his right to file a petition for worker's compensation benefits thereunder.

64.     Plaintiff suffered a work-related injury as described herein.

65.     A workers' compensation claim was opened on behalf of Plaintiff.

66.     Plaintiff's work-related injury caused Plaintiff to require medical care and treatment.

67.     It is believed and averred that Defendant unlawfully violated Pennsylvania's Worker's Compensation Law and/or the public policy exception to Pennsylvania's common law tradition of at-will employment by terminating Plaintiff's employment in retaliation for Plaintiff's claim for benefits under Pennsylvania's Workers' Compensation Law.

68.     Plaintiff's termination was in violation of public policy pursuant to Pennsylvania common law.

**WHEREFORE**, as a result of the unlawful conduct of Defendant, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant, and grant him the maximum relief allowed by law, including but not limited to

A.  Back wages, front pay, and bonuses in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00);

10

B.  Punitive, compensatory, and/or exemplary damages in an amount to be determined at trial, but sufficient to punish Defendant for their intentional, negligent, willful, wanton, and or malicious conduct;

C.  Plaintiff's costs, disbursements, and attorney's fees incurred in prosecuting this matter;

D.  Pre-judgment interest in an appropriate amount;

E.  Such other and further relief as is just and equitable under the circumstances; and

F.  Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth by applicable federal law.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury as to all issues so triable.

Respectfully submitted,

**MURPHY LAW GROUP, LLC**

By:    *Andrew J. Schreiber*
       Andrew J. Schreiber, Esq.
       Michael Murphy, Esq.
       Eight Penn Center, Suite 2000
       1628 John F. Kennedy Blvd. Philadelphia,
       PA 19103
       TEL: 267-273-1054
       FAX: 215-525-0210
       aschreiber@phillyemploymentlawyer.com
       murphy@phillyemploymentlawyer.com
Dated: July 29, 2026          *Attorney for Plaintiff*

11

**DEMAND TO PRESERVE EVIDENCE**

The Defendant is hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to his potential claims and his claims to damages, to any defenses to same, including, but not limited to electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spreadsheets, images, cache memory, payroll records, paystubs, time records, timesheets, and any other information and/or data which may be relevant to any claim or defense in this litigation